STATE OF CONNECTICUT *v.* FRANCISCO JIMENEZ
(AC 22120)

Lavery, C. J., and Dranginis and Dupont, Js.

Argued September 19—officially released November 19, 2002

*Arnold V. Amore*, special public defender, for the appellant (defendant).

*Melissa L. Streeto*, special deputy assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Paul N. Rotiroti*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Francisco Jimenez, appeals from the judgment of conviction, rendered after a jury trial, of possession of narcotics with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (a) and possession of narcotics with intent to sell within 1500 feet of an elementary school in violation of General Statutes § 21a-278a (b). On appeal, the defendant claims that there was insufficient evidence to support his conviction as to

either crime because the cocaine was not actually found on his person.[1] We disagree.

The jury could have reasonably found the following facts. At approximately 5 p.m. on March 10, 1999, members of the New Britain police department went to the defendant's residence to execute an arrest warrant on an unrelated charge.[2] Prior to the defendant's being handcuffed, an officer patted the defendant down to ascertain if he had any weapons in his possession. As the officer attempted to pat the defendant down, the defendant was constantly moving. Once handcuffed, the defendant then was placed in a police cruiser, where he was observed twisting back and forth. The defendant's shifting motion continued until he was taken out of the vehicle upon arrival at the police station.

While the defendant was being processed, the officer who transported the defendant to the police station returned to his vehicle to perform a customary search of the backseat, where he found a plastic bag containing a white powdery substance. The officer took the bag to where the defendant was being processed to have its contents tested. Prior to the test, the defendant stated to the officer: "It's not real." A test revealed that the bag contained 4.4 ounces of cocaine. The defendant then was arrested and subsequently was convicted of possession of narcotics with the intent to sell by a person who is not drug-dependent and possession of a controlled substance with intent to sell within 1500 feet of an elementary school.

---

[1] In his brief to this court, the defendant also based his claim of insufficient evidence on the fact that the warrant for his arrest never was introduced at his trial. The defendant merely mentions that issue without analysis. "A reviewing court will not consider an inadequately briefed issue. . . . An issue merely mentioned will be deemed abandoned." (Citation omitted.) *State* v. *Wragg*, 61 Conn. App. 394, 395 n.1, 764 A.2d 216 (2001). Accordingly, we decline to review that part of the defendant's claim.

[2] The defendant stipulated at trial that his residence is within 1500 feet of an elementary school.

It is the defendant's sole contention on appeal that there was insufficient evidence to convict him of either crime because no drugs actually were found on his person. We disagree.

Although the defendant seeks review under the plain error doctrine; Practice Book § 60-5; or under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), he preserved his claim at trial and, therefore, we need not engage in a plain error or *Golding* analysis. "In reviewing a sufficiency of the evidence claim, we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . .

"The question on appeal is not whether we believe that the evidence established guilt beyond a reasonable doubt, but rather whether, after viewing the evidence in the light most favorable to sustaining the judgment, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . . While the jury may not speculate to reach a conclusion of guilt, [it] may draw reasonable, logical inferences from the facts proven to reach a verdict. . . . Deference is given to the trier of fact who had the opportunity to observe the conduct, demeanor and attitude of the trial witnesses and to assess their credibility. . . .

"In evaluating evidence, the [jury] is not required to accept as dispositive those inferences that are consistent with the defendant's innocence. . . . On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the jury's verdict

of guilty." (Internal quotation marks omitted.) *State* v. *Riser*, 70 Conn. App. 543, 551, 800 A.2d 564 (2002).

"In order to prove illegal possession of a narcotic substance, it is necessary to establish that the defendant knew the character of the substance, knew of its presence and exercised dominion and control over it. . . . Where, as here, the cocaine was not found on the defendant's person, the state must proceed on the theory of constructive possession, that is, possession without direct physical contact. . . . One factor that may be considered in determining whether a defendant is in constructive possession of narcotics is whether he is in possession of the premises where the narcotics are found. . . . Where the defendant is not in exclusive possession of the premises where the narcotics are found, it may not be inferred that [the defendant] knew of the presence of the narcotics and had control of them, unless there are other incriminating statements or circumstances tending to buttress such an inference." (Citations omitted; internal quotation marks omitted.) *State* v. *Berger*, 249 Conn. 218, 225, 733 A.2d 156 (1999).

In the present case, there was ample evidence to support the jury's conclusion that the defendant was in constructive possession of the cocaine that was found in the backseat of the police vehicle. The jury heard testimony that prior to the start of his shift, Officer Michael Conway, who had transported the defendant to the police station, inspected the backseat of his vehicle to ensure that there was no contraband or other materials present. The backseat was a plastic, one piece modular, designed so that there were no crevices where anything could be hidden. Further, Conway testified that he was the only person who had the keys to the vehicle, that he kept the vehicle locked at all times when he was not present in it and that the defendant was the only person to be placed in the backseat from the time that Conway inspected the area prior to the

start of his shift until Conway found the bag of cocaine in the backseat after transporting the defendant to the police station. The jury also was told that during the entire time that the defendant was in the backseat of the vehicle, he was shifting and moving about, movement that is typical of a prisoner trying to discard something. Finally, once the defendant saw the bag of cocaine that was found in the backseat of the vehicle, he stated: "It's not real."

"We do not sit as a [seventh] juror who may cast a vote against the verdict based upon our feeling that some doubt of guilt is shown by the cold printed record. We have not had the jury's opportunity to observe the conduct, demeanor, and attitude of the witnesses and to gauge their credibility. . . . [T]he evaluation of [a witness'] testimony and credibility are wholly within the province of the trier of fact. . . . [I]t is the trier's exclusive province to weigh the conflicting evidence, determine the credibility of witnesses and determine whether to accept some, all or none of a witness' testimony. . . . The trier may draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical." (Citations omitted; internal quotation marks omitted.) *State* v. *Riser*, supra, 70 Conn. App. 555.

On the basis of the cumulative evidence that the jury heard, it could have reasonably concluded that the defendant's movement while he was in the police vehicle was because he sought to discard the bag of cocaine that was in his possession at the time of his arrest, thereby supporting a conclusion that he was in constructive possession of the narcotics when the narcotics were seized from the vehicle's backseat. Accordingly, there was sufficient evidence to support the jury's verdict of guilty.

The judgment is affirmed.