## STATE OF CONNECTICUT *v.* VERNON VASSELL
### (AC 21716)

Schaller, DiPentima and Mihalakos, Js.

Argued September 12—officially released October 14, 2003

*Frederick D. Paoletti,* with whom, on the brief, was *Jeffrey G. LaPierre,* for the appellant (defendant).

*Joseph T. Corradino,* senior assistant state's attorney, with whom, on the brief, was *Jonathan C. Benedict,* state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Vernon Vassell, appeals from the judgment of conviction, rendered after a jury trial, of murder in violation of General Statutes § 53a-54a (a). On appeal, the defendant claims that there was insufficient evidence produced at trial to prove his guilt beyond a reasonable doubt. We disagree.

The jury reasonably could have found the following facts. On May 26, 1997, a Memorial Day picnic took place at a house on Charles Street in Bridgeport. Late in the afternoon or early evening, a burgundy colored automobile occupied by three or four men, identified as Dwight Daly, Naja and the defendant, nicknamed Markie, arrived at the house. An argument ensued between the men who had arrived and Marcus Colbert, Terry Perkins, Eric Wells, James Harris and Glenn Jones, all of whom were already in attendance. During the argument, the defendant drew a semiautomatic pistol from his waistband and fired multiple times, striking both Colbert and Jones. The defendant and his companions then fled the scene in their automobile. Colbert was transported to St. Vincent's Hospital in Bridgeport where he subsequently died from multiple gunshot wounds.

The defendant's sole claim on appeal is that there was insufficient evidence from which to prove his guilt beyond a reasonable doubt. Specifically, the defendant claims that there was insufficient evidence from which the jury reasonably could have concluded that he was the actual shooter.

"The standard of review employed in a sufficiency of the evidence claim is well settled. [W]e apply a two part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . This court cannot substitute its own judgment for that of the jury if there is sufficient evidence to support the jury's verdict." (Internal quotation marks omitted.) *State* v. *Bermudez*, 79 Conn. App. 275, 280, 830 A.2d 288 (2003).

Counsel for the defendant, at oral argument, contended that the testimony of the state's eyewitnesses should not be believed because of bias.[1] It is the jury's function, however, to determine whether any witness is biased and, if so, whether the testimony nevertheless is credible.

The defendant further contends that there was conflicting evidence at trial and that in light of the witnesses produced by the defense and the alleged bias of the witnesses offered by the state, the decision reached by the jury was unreasonable.[2] The jury, however, is free to believe or to disbelieve witnesses and to evaluate

---

[1] Those witnesses were Wells, Perkins and Harris.

[2] The defense presented several witnesses, including Jones, Karim McCain, Nydia Cardona and the defendant. McCain served as an alibi witness, and Cardona testified that she did not see the defendant at the scene of the crime. The defendant took the witness stand to deny that he was the shooter.

the credibility of the testimony offered. "It is the [jury's] exclusive province to weigh the conflicting evidence and to determine the credibility of witnesses. . . . The [jury] can . . . decide what—all, none, or some—of a witness' testimony to accept or reject." (Internal quotation marks omitted.) *State* v. *Pranckus*, 75 Conn. App. 80, 87, 815 A.2d 678, cert. denied, 263 Conn. 905, 819 A.2d 840 (2003).

In the present case, there was ample evidence to support the jury's verdict. The state produced eyewitnesses Wells, Perkins and Harris, each of whom testified that the defendant was present at the scene and was the shooter. The testimony of Marshall Robinson, a tool marks and firearms examination expert, supported the testimony of Wells, Harris and Perkins regarding the number of gunshots fired and the existence of only one shooter. In addition, associate state medical examiner Malka B. Shah testified that the victim had died from multiple gunshot wounds.

"We do not sit as a [thirteenth] juror who may cast a vote against the verdict based upon our feeling that some doubt of guilt is shown by the cold printed record. We have not had the jury's opportunity to observe the conduct, demeanor, and attitude of the witnesses and to gauge their credibility. . . . [T]he evaluation of [a witness'] testimony and credibility are wholly within the province of the trier of fact." (Internal quotation marks omitted.) *State* v. *Jimenez*, 73 Conn. App. 664, 668, 808 A.2d 1190, cert. denied, 262 Conn. 929, 814 A.2d 381 (2002).

On the basis of all of the evidence heard by the jury, it reasonably could have concluded that the defendant was the shooter, thereby supporting the conclusion that he was guilty of murder.

The judgment is affirmed.