STATE OF CONNECTICUT *v.* FRANCISCO JIMENEZ
(AC 31920)

Harper, Lavine and Beach, Js.

Argued January 19—officially released April 5, 2011

*Francisco Jimenez*, pro se, the appellant (defendant).

*Melissa L. Streeto*, assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Paul N. Rotiroti*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Francisco Jimenez,[1] appeals from the judgment of the trial court denying in part his motion to correct an illegal sentence[2] and denying his application for the appointment of appellate counsel. The defendant claims that, insofar as the court denied his motion to correct and his application for the appointment of counsel, the court abused its discretion.

[1] The defendant is self-represented before this court and was self-represented during the proceedings at issue in this appeal. During his criminal trial, however, the defendant was represented by counsel.

[2] The court dismissed the remainder of the motion to correct. See footnote 3 of this opinion.

As to that portion of the appeal concerning the motion to correct, we affirm the judgment of the trial court. We dismiss that portion of the appeal concerning the application for the appointment of counsel.

Following a trial by jury, the defendant was convicted of possession of narcotics with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (a) and possession of narcotics with intent to sell within 1500 feet of an elementary school in violation of General Statutes § 21a-278a (b). The court imposed a thirty-five year term of incarceration for the former count and a three year term of incarceration, to run consecutively with the first sentence, for the latter count. Thus, the court imposed a total effective sentence of thirty-eight years incarceration. Following a direct appeal, this court affirmed the judgment. *State v. Jimenez*, 73 Conn. App. 664, 808 A.2d 1190, cert. denied, 262 Conn. 929, 814 A.2d 381 (2002).

In August, 2009, the defendant filed in the trial court a motion to correct an illegal sentence. He asserted therein that his sentence was illegal because the thirty-five year term of incarceration imposed under § 21a-278 (a) exceeded the statutory sentencing limit and the statute did not authorize the sentence imposed. He also asserted that the sentence, falling outside of that authorized by the statute, was ambiguous. As to these claims, the court denied the motion after concluding that the statute authorized a sentence of between five years and life imprisonment. Additionally, the defendant asserted that the punishment authorized by the statute was disproportionately harsh when compared to the punishment authorized for other crimes, there was ambiguity in terms of the conduct for which the statute imposed criminal liability, the statute was ambiguous in terms of how a court should determine punishment on a case-by-case basis and the statute suffered from not having "a mandatory guideline system to clarify the ambiguous

nature of its application." The court reasoned that it lacked jurisdiction to entertain these additional claims and dismissed the motion to correct as to those claims.

After the court issued its memorandum of decision concerning the motion to correct, the defendant filed an application for the appointment of appellate counsel to represent him in bringing an appeal from that decision. The court appointed an attorney for the purpose of assessing the strength of any claims that could be pursued on appeal. The attorney represented to the court that, after sufficient inquiry into the matter, no solid legal grounds for appeal existed. Thereafter, the court denied the defendant's application for the appointment of counsel. This appeal followed.

I

First, we address the defendant's claim that the court improperly denied his motion to correct an illegal sentence. It is well settled that "[a]n illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory." (Internal quotation marks omitted.) *State* v. *McNellis*, 15 Conn. App. 416, 443–44, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988).

The defendant argues that the court, in concluding that the thirty-five year sentence did not exceed the statutory limit of § 21a-278 (a) and that the sentence was not ambiguous, improperly interpreted the sentencing portion of the statute. We agree with the court, however, that the resolution of the defendant's claims is controlled by the interpretation of § 21a-278 (a) set forth in *State* v. *Delossantos*, 211 Conn. 258, 282–85, 559 A.2d 164 (holding that § 21a-278 [a] authorizes a minimum sentence of five years imprisonment and a maximum sentence of life imprisonment), cert. denied, 493 U.S. 866, 110 S. Ct. 188, 107 L. Ed. 2d 142 (1989). The court

properly applied this authority in determining that the defendant's sentence was not ambiguous and that it was authorized by the statute.[3] The defendant has not persuaded us that any error exists.

## II

Next, the defendant challenges the court's denial of his application for the appointment of appellate counsel. We dismiss this portion of the appeal.

Practice Book § 63-7 provides in relevant part that "[t]he sole remedy of any defendant desiring the court to review an order concerning . . . the appointment of counsel shall be by motion for review under [Practice Book §] 66-6." The defendant did not file a motion for review of the court's denial of his application for the appointment of appellate counsel but has sought review of the ruling for the first time in this appeal. The defendant has not availed himself of his "sole remedy" and is unable to seek review in the present appeal. Accordingly, we dismiss that portion of the appeal concerning his claim that the court improperly denied his application for the appointment of appellate counsel. See *State* v. *Casiano*, 122 Conn. App. 61, 71, 998 A.2d 792, cert. denied, 298 Conn. 931, 5 A.3d 491 (2010).

The portion of the appeal concerning the court's denial of the defendant's application for the appointment of appellate counsel is dismissed. The judgment is affirmed in all other respects.

---

[3] The defendant has challenged only the portion of the judgment *denying* his motion to correct. In so doing, he has reiterated in his appellate brief several of the claims that the court dismissed for lack of subject matter jurisdiction. It is well settled that claims raised in a motion to correct an illegal sentence must fall within the jurisdictional parameters of Practice Book § 43-22 in that they relate to the legality of the sentence or the manner in which it was imposed. The defendant does not attempt to persuade us that these claims were not properly dismissed on jurisdictional grounds. Because even a cursory examination of these additional claims leads us to conclude that they are not a proper subject of a motion to correct an illegal sentence brought under Practice Book § 43-22, they have no bearing on our analysis of the court's judgment denying the defendant's motion to correct.