STATE OF CONNECTICUT *v.* JASON SCOTT
(AC 33943)

Gruendel, Lavine and Mihalakos, Js.

(Internal quotation marks omitted.) *State* v. *Calabrese,* 279 Conn. 393, 408 n.18, 902 A.2d 1044 (2006).

Argued September 20—officially released November 27, 2012

*Jason Scott*, pro se, the appellant (defendant).

*Melissa L. Streeto*, senior assistant state's attorney, with whom, on the brief, were *Kevin D. Lawlor*, state's attorney, and *Maria Sous*, assistant state's attorney, for the appellee (state).

*Opinion*

MIHALAKOS, J. The defendant, Jason Scott, appeals from the judgment of the trial court denying his motion

to correct an illegal sentence. On appeal, the defendant claims that the trial court improperly denied his request for counsel to be provided to him in connection with his motion to correct. The state contests our subject matter jurisdiction to hear the defendant's appeal. The state concedes, however, that if this court has jurisdiction, the matter warrants a remand to the trial court with direction to appoint counsel for the defendant. We disagree that this court lacks jurisdiction; however, we agree that the matter should be remanded, and, accordingly, we reverse the judgment of the trial court and remand the case for the appointment of counsel.

The following facts and procedural history are relevant to our discussion. On October 7, 2008, the defendant pleaded guilty pursuant to the *Alford* doctrine[1] to attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-134 (a) (2), and conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (2). On December 5, 2008, the court sentenced the defendant to a total effective term of twenty years imprisonment, execution suspended after ten years, followed by five years of probation.

On January 21, 2011, the defendant, representing himself, filed a motion to correct an illegal sentence pursuant to Practice Book § 43-22. In his motion, the defendant asserted that his plea "was determined and agreed upon with co-defendants and States Attorney, which was later determined to be relied on nonfactual evidence," and he argued that due process requires that he be sentenced "on the basis of accurate information . . . ." The defendant's filing did not include a request for counsel to be appointed to assist him with the motion.

---

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

The court denied the defendant's motion on March 30, 2011; however, the court subsequently vacated its ruling and scheduled a hearing on the defendant's motion to correct. The court held the hearing on May 16, 2011. At the outset of the hearing, the defendant filed an amended motion to correct. The amended motion set forth the defendant's factual and legal arguments in further detail[2] and stated in the final paragraph: "Defendant asks the Court to provide counsel during present motion hearing. Defendant also asks Court to be present and/or allowed to make oral argument at hearing. [*State* v. *Casiano*, 282 Conn. 614, 922 A.2d 1065 (2007)]."[3] (*Casiano* request).[4]

After hearing argument on the motion, the court stated, inter alia: "The sentence that was imposed in [the defendant's] case, prior to the codefendant's, on the face of it, is a legal sentence for the charges to which

[2] In the amended motion, the defendant asserted, inter alia, that the state agreed that the defendant would be offered the same plea agreement as his codefendant. His codefendant pleaded guilty to robbery in the first degree, conspiracy to commit robbery in the first degree and violation of probation, and he agreed to accept a sentence of twenty years imprisonment, execution suspended after thirteen years, followed by five years of probation. After the defendant entered his plea under the doctrine of *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), and was sentenced, however, his codefendant's attorney and the state agreed that the state would drop the charge of robbery in the first degree, and his codefendant was sentenced to a lesser term of imprisonment. The defendant argued that his greater sentence violates the terms of his plea agreement and should be corrected to the same sentence as his codefendant.

[3] Before accepting the defendant's amended motion at the hearing, the trial court expressed concern that the state had not had the opportunity to review the amended motion in advance of the hearing. The court gave the assistant state's attorney the opportunity to review the motion and to inform the court whether it contained "any difference in substance that you wish to respond to," and whether the state wanted to postpone the hearing to a different date. Neither the defendant nor the assistant state's attorney mentioned to the court during the hearing that the defendant's amended motion included a request for counsel.

[4] In *Casiano*, our Supreme Court held, inter alia, that an indigent defendant has the right to the assistance of counsel in connection with a motion to correct an illegal sentence. *State* v. *Casiano*, supra, 282 Conn. 627–28.

he pleaded guilty. The motion to correct is denied." The court also stated two more times on the record that "the motion [to correct] is denied." Similarly, in a May 16, 2011 written order on the motion to correct, the court noted: "The foregoing motion having been heard or otherwise presented to the court, it is hereby ordered: Denied." The court did not mention the defendant's *Casiano* request in either its oral or written decisions on the defendant's motion.

On May 25, 2011, the defendant filed a "motion for rectification/articulation" in this court asking the court "to have the trial court give . . . the reasons [it] denied [the defendant] counsel pursuant to his written request . . . . " The same day, the defendant also filed a motion for review asking this court to "review and reverse the trial court's [o]rder denying [him] counsel." On August 30, 2011, this court dismissed the defendant's motion for rectification/articulation and ordered, sua sponte, that the "defendant may file a late appeal on or before October 3, 2011, to raise the issue of whether the trial court improperly denied his request for the appointment of trial counsel pursuant to [*Casiano*]."[5] This appeal followed. The state filed a motion to dismiss the defendant's appeal for lack of subject matter jurisdiction, arguing that the trial court never ruled on the defendant's request for counsel, and therefore, that the defendant was appealing a nonexistent ruling. This court denied the motion to dismiss on December 22, 2011.

We begin by addressing our jurisdiction to consider this appeal. The state asserts that the defendant's appeal is improper because the trial court never ruled on the

---

[5] Although the defendant's appeal form purports to challenge the denial of his motion to correct in its entirety, the only issue he raises in his brief is the court's denial of his *Casiano* request. The defendant has not challenged, and we do not address herein, the court's ruling on the substance of the defendant's motion to correct.

defendant's *Casiano* request, and the defendant, therefore, was not aggrieved by any decision of the trial court. We view this assertion as a renewed challenge to our subject matter jurisdiction. We reject the state's argument and conclude that we have jurisdiction over the defendant's appeal. See *State* v. *Pentland*, 296 Conn. 305, 311 n.12, 994 A.2d 147 (2010) (stating that "we must address and decide a challenge to our subject matter jurisdiction whenever the claim is raised").

It is well settled that "the statutory right to appeal is limited to appeals by aggrieved parties from final judgments." Id. "Aggrievement, in essence, is appellate standing." (Internal quotation marks omitted.) *Hunt* v. *Guimond*, 69 Conn. App. 711, 714–15, 796 A.2d 588 (2002). "We traditionally have applied the following two part test to determine whether aggrievement exists: (1) does the allegedly aggrieved party have a specific, personal and legal interest in the subject matter of a decision; and (2) has this interest been specially and injuriously affected by the decision. . . . Proof of aggrievement is, therefore, an essential prerequisite to the court's jurisdiction . . . ." (Internal quotation marks omitted.) Id., 715.

The foundation for the state's aggrievement claim is its contention that the court never decided the defendant's *Casiano* request. This argument, which we read as implicating concerns akin to a final judgment challenge, is belied by this court's decision in *Bowden* v. *Commissioner of Correction*, 93 Conn. App. 333, 888 A.2d 1131, cert. denied, 277 Conn. 924, 895 A.2d 796 (2006).

In *Bowden*, the petitioner filed a one count petition for a writ of habeas corpus alleging ineffective assistance of counsel. In his prayer for relief, but not in a separate count, the petitioner requested that "his sentence [be modified to reflect] correct jail [time] credit

. . . ." (Internal quotation marks omitted.) Id., 337. The habeas court issued a memorandum of decision denying the petitioner's claim of ineffective assistance of counsel, but "did not address the jail time credit issue that was mentioned in the prayer for relief." Id. On appeal, this court addressed its subject matter jurisdiction over the petitioner's appeal and stated: "We note that the habeas court did not specifically address the jail time credit issue in its memorandum of decision. A judgment that disposes of only a portion of a complaint is not a final judgment. . . . [W]e are mindful that [t]he lack of a final judgment . . . implicates the subject matter jurisdiction of this court. . . . We are satisfied, however, that in the present case, a final judgment exists and that we have subject matter jurisdiction over the present appeal. First, the court stated in its memorandum of decision that it denied the petition. In denying the petition, the court found in favor of the respondent . . . with respect to *all* of the issues raised. Second, the judgment file states that '[t]he court having heard the parties, finds the issues for the respondent' and that 'it is adjudged that the petition for [a] writ of habeas corpus is denied.' Cognizant that every presumption favoring jurisdiction should be indulged . . . we conclude that the habeas court denied the entire petition. . . . As such, a final judgment exists." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 337 n.6; see also *Madagoski* v. *Commissioner of Correction*, 104 Conn. App. 768, 771 n.1, 936 A.2d 247 (2007) (habeas court's memorandum of decision denying habeas petition constituted final judgment even though decision did not address three counts of petitioner's habeas petition), cert. denied, 286 Conn. 905, 944 A.2d 979 (2008).

Here, the defendant's amended motion to correct included a request for the appointment of counsel pursuant to *Casiano*. In denying the defendant's motion

to correct in its entirety, the court implicitly rejected all of the claims and arguments therein, including the defendant's *Casiano* request. See *Bowden* v. *Commissioner of Correction*, supra, 93 Conn. App. 337 n.6. The defendant had a specific personal and legal interest in the court's decision on his motion to correct, and his interest was injuriously affected by the denial of the motion. See *Hunt* v. *Guimond*, supra, 69 Conn. App. 715. We, therefore, reject the state's contention that the defendant improperly has challenged a nonexistent trial court ruling, and we conclude that this appeal is properly before the court for our consideration of the defendant's claims.[6]

Having determined that we have jurisdiction over the defendant's appeal, we turn now to the merits of his argument. The defendant contends that the court improperly denied his request for counsel to represent him in connection with his motion to correct an illegal sentence in violation of *State* v. *Casiano*, supra, 282 Conn. 614. He asks that we reverse the judgment of the court, and that counsel be appointed for a new hearing

---

[6] We likewise reject the state's argument that the defendant's appeal is improper because his only mechanism for review of a denial of a request for counsel is a motion for review under Practice Book § 63-7. Practice Book § 63-7 concerns the appointment of appellate counsel and the waiver of costs, fees and security for indigent defendants in criminal cases. It provides in relevant part that "[t]he sole remedy of any defendant desiring the court to review an order concerning the waiver of fees, costs and security or the appointment of counsel shall be by motion for review . . . ." Practice Book § 63-7. Section 63-7 does not, by its terms, apply to the situation before us—where an indigent defendant has requested the appointment of counsel to represent him in a trial court proceeding. Indeed, the cases cited by the state in support of this argument all concern the denial of requests for the appointment of appellate counsel, and, therefore, they are inapposite here. See *State* v. *Casiano*, supra, 282 Conn. 618; *State* v. *Jimenez*, 127 Conn. App. 706, 710, 14 A.3d 1083 (2011); *State* v. *Casiano*, 122 Conn. App. 61, 71, 998 A.2d 792, cert. denied, 298 Conn. 931, 5 A.3d 491 (2010). Because the defendant is not limited to filing a motion for review to challenge the trial court's denial of his *Casiano* request, his claim is properly before this court on appeal.

on his motion to correct. The state agrees that we should remand this matter to the trial court with direction to appoint counsel for the defendant.

In *Casiano,* our Supreme Court held that "a defendant has a right to the appointment of counsel for the purpose of determining whether a defendant who wishes to file [a motion to correct an illegal sentence] has a sound basis for doing so. If appointed counsel determines that such a basis exists, the defendant also has the right to the assistance of such counsel for the purpose of preparing and filing such a motion and, thereafter, for the purpose of any direct appeal from the denial of that motion." Id., 627–28. It is undisputed that the trial court did not grant the defendant's request for counsel to be provided to him in connection with his motion to correct. We therefore remand this matter to the trial court with direction that the court appoint counsel to the defendant for the purpose of determining whether there is a "sound basis" for filing a motion to correct an illegal sentence, and, if such a basis exists, for the purpose of preparing and filing his motion and thereafter pursuing any direct appeal from a denial of that motion. See id., 627.

The judgment is reversed and the case is remanded for further proceedings consistent with the preceding paragraph.

In this opinion the other judges concurred.