******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# IRA ALSTON *v.* COMMISSIONER OF CORRECTION
## (AC 47604)

Clark, Seeley and Eveleigh, Js.

*Syllabus*

The petitioner, who had previously pleaded guilty to possession of a weapon or dangerous instrument in a correctional institution, appealed, following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his second amended petition for a writ of habeas corpus. The petitioner claimed, inter alia, that the court improperly dismissed his habeas petition, which claimed that a prior habeas court had improperly denied his application for the appointment of counsel on appeal. *Held*:

The habeas court did not abuse its discretion in denying the petition for certification to appeal, as the resolution of the petitioner's claim did not involve issues that are debatable among jurists of reason, that a court could resolve in a different manner, or that were adequate to deserve encouragement to proceed further.

The habeas court properly dismissed the habeas petition pursuant to the rule of practice (§ 23-29 (2)) for failure to state a claim on which habeas corpus relief could be granted, as the petitioner's claim asking the second habeas court to review and address the validity and legal soundness of a prior habeas court's decision to deny the petitioner's request to appoint counsel on appeal was beyond the power and authority of the second habeas court, and the proper procedural vehicle to have challenged the first habeas court's determination should have been by a motion for review pursuant to the rule of practice (§ 63-7).

Argued September 15—officially released December 9, 2025

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, dismissed the petition and rendered judgment thereon; thereafter, the court, *Newson, J.*, denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Whitney C. Kubik*, assigned counsel, for the appellant (petitioner).

*Emily Trudeau*, senior assistant state's attorney, with whom, on the brief, were *Matthew Gedansky*, state's attorney, and *Donna Fusco*, assistant state's attorney, for the appellee (respondent).

*Opinion*

SEELEY, J. Following the denial of his petition for certification to appeal, the petitioner, Ira Alston, appeals from the judgment of the habeas court dismissing, pursuant to Practice Book § 23-29,[1] his second amended petition for a writ of habeas corpus (operative habeas petition), in which he alleged, in count five, that the habeas court in a prior habeas matter improperly denied his application for the appointment of appellate counsel. On appeal, the petitioner claims that the second habeas court (1) abused its discretion in denying his petition for certification to appeal and (2) improperly dismissed count five of the operative habeas petition pursuant to § 23-29 (2) for failure to state a claim on which habeas relief could be granted. We conclude that the court did not abuse its discretion in denying the petition for certification to appeal and, accordingly, dismiss the appeal.

The record reveals the following relevant facts and procedural history. The petitioner had been charged, pursuant to a substitute information dated November 20, 2008, with possessing a weapon or dangerous instrument in a correctional institution. See *State* v. *Alston,*

___

[1] Practice Book § 23-29 provides: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:

"(1) the court lacks jurisdiction;

"(2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted;

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition;

"(4) the claims asserted in the petition are moot or premature;

"(5) any other legally sufficient ground for dismissal of the petition exists."

141 Conn. App. 719, 721, 62 A.3d 586, cert. denied, 308 Conn. 943, 66 A.3d 884 (2013). On October 1, 2010, the petitioner entered a guilty plea to the charge; id., 723–24; and, following a canvass, the court found that the plea was entered "knowingly, voluntarily and intelligently, with the effective assistance of counsel. The court found that there was a factual basis for the plea. The court accepted the plea and found the defendant guilty of possessing a weapon or a dangerous instrument in a correctional institution." Id., 727. "Thereafter, the court imposed the agreed upon sentence of one year [of] incarceration, consecutive to the [petitioner's] existing term of incarceration." Id., 721. The petitioner appealed to this court, which affirmed the judgment; id., 733; and filed a petition for certification to appeal with our Supreme Court, which denied certification. *State* v. *Alston*, 308 Conn. 943, 66 A.3d 884 (2013).

On June 26, 2012, while the petitioner's direct appeal was pending, the petitioner, in a self-represented capacity, filed his first petition for a writ of habeas corpus (first habeas action), alleging that his criminal trial counsel, Attorney Douglas Ovian, had rendered ineffective assistance. Thereafter, the Office of the Chief Public Defender assigned Attorney John J. Duguay to represent the petitioner in the first habeas action. On July 28, 2014, Duguay filed a motion for leave to withdraw his appearance as appointed counsel pursuant to *Anders* v. *California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).[2] After the first habeas court granted Duguay's

---

[2] " 'In *Anders* [v. *California*, supra, 386 U.S. 744], the United States Supreme Court outlined a procedure that is constitutionally required when, on direct appeal, appointed counsel concludes that an indigent defendant's case is wholly frivolous and wishes to withdraw from representation. . . . Under *Anders*, before appointed counsel may withdraw, he or she must provide the court and the defendant with a brief outlining anything in the record that may support the appeal, and the defendant must be given time to raise any additional relevant points. . . . Thereafter, the court, having conducted its own independent review of the entire record of the case, may allow counsel to withdraw, if it agrees with counsel's conclusion that the appeal is entirely without merit.' . . . *State* v. *Francis*, 322 Conn. 247, 250

motion to withdraw, the petitioner continued, in a self-represented capacity, to litigate the first habeas action, which was tried to the first habeas court over the course of two days. On August 14, 2017, the first habeas court rendered judgment denying the petitioner's habeas petition. On August 25, 2017, the petitioner filed an application for a waiver of fees, costs and expenses and for the appointment of counsel on appeal. On August 31, 2017, the first habeas court granted the application for a waiver of fees, costs and expenses but denied[3] the petitioner's request for the appointment of counsel on appeal and, thereafter, denied a petition for certification to appeal filed by the petitioner. There is no record of

n.3, 140 A.3d 927 (2016). As our Supreme Court has recognized, '[t]here can be no question that equal justice requires that the right of appellate review cannot depend on the amount of money which the defendant has. . . . On the other hand, so long as an indigent defendant can prosecute an appeal at public expense and without any possible detriment to himself there is nothing to protect the public purse or save the appellate courts from a flood of baseless appeals by indigent defendants except a proper judicial determination as to whether a proposed appeal at public expense may have some merit or is in fact frivolous.' . . . *State* v. *Pascucci*, 161 Conn. 382, 387, 288 A.2d 408 (1971)." *State* v. *Mendez*, 185 Conn. App. 476, 478 n.1, 197 A.3d 477 (2018). This applies in habeas proceedings as well. See *Oliphant* v. *Commissioner of Correction*, 146 Conn. App. 499, 522, 79 A.3d 77, cert. denied, 310 Conn. 963, 83 A.3d 346 (2013).

[3] There is a discrepancy in the record in the first habeas action as to whether the petitioner's request for the appointment of counsel on appeal was granted or denied. The electronic file indicates the following for docket entry #143: "Application for appointment of counsel and waiver of fees on appeal. Result: Granted 8/31/2017 Hon. Vernon Oliver." The paper copy of the order concerning the petitioner's application for a waiver of fees, costs and expenses and for the appointment of counsel on appeal indicates that the fee waiver was granted; however, it also shows a check mark over the box indicating that counsel "is not appointed," and the paper copy is signed by Judge Oliver and dated August 31, 2017. For purposes of this appeal, we will assume, without deciding, that the petitioner's request for the appointment of counsel was denied, as count five of the operative habeas petition and all of the petitioner's claims on appeal are premised on the assertion that the request for counsel was denied, the petitioner acted in a self-represented capacity in the habeas proceeding for which we afford some leeway, the second habeas court addressed both scenarios in dismissing count five, and doing so will not impact our ultimate resolution of this appeal.

an appeal being filed from the judgment in the first habeas action.

The petitioner subsequently commenced a second habeas action, which is the subject of this appeal. Initially, the petitioner was represented by appointed counsel, Attorney Robert J. McKay, but the court granted McKay's motion, filed pursuant to *Anders*, to withdraw as counsel, and the petitioner proceeded with the matter in a self-represented capacity. In the operative habeas petition, filed March 20, 2023, the petitioner alleged claims in nine counts. Only count five is at issue in this appeal.[4] In count five, the petitioner alleged that the habeas court in the first habeas action improperly denied the petitioner's application for the appointment of counsel on appeal "without a prior determination that the petitioner's appeal would be wholly frivolous . . . ." He further alleged in count five that, as a result of the denial of his application for counsel on appeal, he could not take an appeal from the decision of the habeas court in the first habeas action, and that, if he had been given a meaningful opportunity to appeal, he would have raised at least one nonfrivolous claim. The petitioner asserts in count five that he was denied his rights under the federal and state constitutions as a result of the habeas court's denial of his application

---

[4] Because the petitioner, on appeal, challenges the habeas court's dismissal of the operative habeas petition only with respect to count five, we deem abandoned any claim relating to the habeas court's dismissal of the remaining counts of the operative habeas petition. See *Reynolds* v. *Commissioner of Correction*, 229 Conn. App. 228, 230–31, 325 A.3d 1214 (2024) ("because the petitioner has not raised or adequately briefed any claim that directly challenges the judgment of conviction from which he took this appeal, we deem any possible claims abandoned"); *Smith* v. *Commissioner of Correction*, 225 Conn. App. 822, 837 n.8, 317 A.3d 237 (given that petitioner made "no claim on appeal that the court's findings were clearly erroneous because it did not sufficiently consider [certain] testimony . . . we deem any such claim abandoned"), cert. denied, 350 Conn. 902, 322 A.3d 1058 (2024).

for the appointment of counsel on appeal in the first habeas action.

After the petitioner filed the operative habeas petition, the respondent, the Commissioner of Correction, filed a return, leaving the petitioner to his proof and pleading a number of affirmative defenses. Specifically, with respect to count five, the respondent asserted that the claim was in procedural default and that it failed to state a claim on which habeas relief could be granted because the petitioner was seeking to have the second habeas court review the ruling of the first habeas court concerning the petitioner's application for the appointment of counsel on appeal.

On April 18, 2023, the habeas court issued a notice of possible dismissal of the petitioner's operative habeas petition pursuant to Practice Book § 23-29. The notice provided in relevant part: "Upon review of the complaint in the above-titled matter, the court hereby gives notice pursuant to . . . § 23-29 that the court will consider whether the [operative habeas] petition, or certain counts thereof, should be dismissed for the following reasons: (1) the court lacks jurisdiction; (2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted; [3] the claims asserted in the petition are moot or premature; [and] [4] any other legally sufficient ground for dismissal of the petition exists." The notice further provided that the matter was set for a hearing on May 26, 2023, and the court also afforded the parties an opportunity to submit a written response to the proposed dismissal.

In his brief in support of dismissal, the respondent did not argue procedural default but, rather, contended that count five should be dismissed because, inter alia, it failed to state a claim on which habeas relief could be granted. The respondent asserted that "[t]he role of the habeas court is to review the lawfulness of a petitioner's custody; it is not authorized to review the

judgment of a court of equal and coordinate justice. The appropriate venue for such a claim was the appellate court. The petitioner elected to not proceed forward with his appeal of the habeas court's decision in his prior habeas. The court cannot grant the petitioner's sought relief, nor does it have the jurisdiction to even hear this claim."

In his memorandum of law opposing dismissal,[5] the self-represented petitioner expressly stated, with respect to count five, that it was "more appropriate for appellate review and that the habeas court ha[d] no authority to review a prior habeas judge's ruling and/ or order." The petitioner made no other argument or statement concerning count five in particular. At the May 26, 2023 hearing, the parties rested on their briefs.[6]

---

[5] In his memorandum opposing dismissal, the petitioner also made a number of factual allegations that were not made in his operative habeas petition. Specifically, he asserted that, after the conclusion of the first habeas trial, he had been "involuntarily transferred out of state to the state of Virginia" and that, as a result, he did not receive the court's orders concerning his application for a waiver of fees and costs and for the appointment of counsel on appeal. He further contended that, during transport to Virginia, he had asked someone to check the status of his application and was told that the court denied his petition for certification to appeal but granted his request for a waiver of fees and costs and the appointment of counsel on appeal. The petitioner asserted that the "same information was told to [him] by the habeas clerks when the petitioner would call the court clerk's office to ascertain the status of his petition and application." According to the petitioner, it was not until four years later, in December, 2021, that "he found out that [his] application for appointment of counsel on appeal in the first habeas action was, in fact, denied. Due to the habeas court's denial of [his] application to appoint counsel on appeal and [the] court clerk's office's active misrepresentation of that denial, no appeal was filed in the first habeas action."

The record contains no findings by the habeas court regarding these factual assertions, and, specifically, there is no evidence in the record or finding by the habeas court demonstrating that the petitioner did not receive notice of the first habeas court's decision concerning his application for the appointment of counsel on appeal, which the petitioner's appellate counsel acknowledged during oral argument before this court.

[6] We note that, in an order dated July 12, 2023, the court provided the parties with an opportunity to submit additional legal memoranda on certain

In a memorandum of decision dated September 18, 2023, the second habeas court dismissed all counts of the operative habeas petition. With respect to count five, the court stated: "In count five, the petitioner asks this court . . . to examine a decision of the prior habeas court. Specifically, the petitioner alleges that the prior habeas court erred when it denied his request for [the] appointment of counsel to appeal the habeas decision following the trial. . . . [T]he petitioner has failed to state a claim upon which habeas relief can be granted. First, despite the petitioner's claim, the electronic file record indicates that his application for [the] appointment of counsel and waiver of costs and fees on appeal was granted by Judge Oliver on August 31, 2017. Second, even if this case record is inaccurate, the decision to appoint counsel is a matter of discretion, so, resolving the petitioner's claim would require this habeas court to engage in an 'abuse of discretion' review of the prior habeas court's decision not to appoint counsel. As already discussed,[7] this is beyond the power of

issues it had raised with respect to counts one and two of the operative habeas petition, which are not at issue in this appeal.

[7] In the portion of its decision addressing count four of the habeas petition, the court had stated: "[A]lthough the petitioner attempts to frame his claim as one of ineffectiveness [of prior habeas counsel], analyzing his claim would actually require this court to reexamine the factual and legal findings made by the previous habeas court based on that court's review of the pleadings and evidence Attorney Duguay filed in support of the *Anders* [brief], including requiring this court to analyze whether that habeas court gave proper [consideration] to the certain claims the petitioner alleges Attorney Duguay either failed to raise or inadequately raised in the *Anders* [brief]. The habeas court does not sit as an appellate court, nor does it have the power to directly review the factual and legal conclusions of another Superior Court judge. '[I]n a habeas corpus proceeding the [habeas trial court] examines only the power and authority of the lower court to act and not the correctness of its conclusions. The order restraining one of his liberty cannot be collaterally attacked in habeas corpus proceedings for errors and irregularities not affecting the jurisdiction.' *United States ex rel. Paleais* v. *Moore*, 294 F. 852, 855 (2d Cir. 1923) [cert. denied, 264 U.S. 581, 44 S. Ct. 331, 68 L. Ed. 860 (1924)]. Therefore, for instance, while it *might* be a viable claim if the petitioner were alleging denial of the outright opportunity to respond to the *Anders* [brief] before [the first habeas court] issued [its] ruling, the habeas

the habeas court.[8] . . . 'Practice Book § 63-7 provides in relevant part that "the *sole remedy* of any defendant desiring the court to review an order concerning . . . the appointment of counsel shall be by motion for review under [Practice Book] § 66-6." ' . . . *State* v. *Jimenez*, 127 Conn. App. 706, 710, 14 A.3d 1083 (2011). Practice Book § 66-6 requires motions challenging orders related to requests for the appointment of counsel and waiver of costs and fees on appeal to be filed 'within ten days of issuance of notice of the order . . . .' The petitioner may [not] fail to adhere to requirements of the rule and then attempt to use habeas as a 'catch-all' to obtain relief." (Citation omitted; emphasis in original; footnotes added; footnotes omitted.)

After the second habeas court rendered judgment dismissing all counts of the operative habeas petition, it denied the petition for certification to appeal, and this appeal followed.

I

On appeal, the petitioner first claims that the habeas court abused its discretion by denying his petition for certification to appeal. He argues that "[t]he issues raised by this appeal are debatable among jurists of reason and deserve . . . encouragement to proceed further. Furthermore, the habeas court could have resolved the petitioner's claim differently. As set forth

court does not have the power or authority to consider whether [the first habeas court] properly decided the evidence supporting Attorney Duguay's *Anders* [brief]. Therefore, count four is dismissed because it fails to state a claim upon which habeas relief can be granted." (Emphasis in original; footnote omitted.)

[8] In reaching this decision, the habeas court again cited to *United States* v. *Moore ex rel. Paleais*, 294 F. 852, 855 (2d Cir. 1923) ("[I]n a habeas corpus proceeding the [habeas court] examines only the power and authority of the lower court to act and not the correctness of its conclusions. The order restraining one of his liberty cannot be collaterally attacked in habeas corpus proceedings for errors and irregularities not affecting the jurisdiction."), cert. denied, 264 U.S. 581, 44 S. Ct. 331, 68 L. Ed. 860 (1924).

in the remainder of this brief, the habeas court should have resolved the claims in the petitioner's favor." We do not agree.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the [disposition] of his . . . petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he [or she] must demonstrate that the denial of his [or her] petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he [or she] must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . .

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by [our Supreme Court] for determining the propriety of the habeas court's denial of the petition for certification." (Internal quotation marks omitted.) *Vazquez* v. *Commissioner of Correction*, 232 Conn. App. 244, 259–60, 335 A.3d 487, cert. denied, 352 Conn. 958, 336 A.3d 1249 (2025);

see also *Stephenson* v. *Commissioner of Correction*, 203 Conn. App. 314, 322–23, 248 A.3d 34, cert. denied, 336 Conn. 944, 249 A.3d 737 (2021).

For the reason set forth in part II of this opinion, we conclude that the petitioner has failed to demonstrate that the habeas court abused its discretion in denying his petition for certification to appeal.

## II

The petitioner's substantive claim on appeal is that the habeas court improperly dismissed count five of the operative habeas petition on the ground that it failed to state a claim on which habeas relief could be granted. In support of this claim, he asserts[9] that "the court relied on clearly erroneous facts not supported by the

[9] In his principal appellate brief, the petitioner also claims that he "should have been provided the opportunity of an evidentiary hearing to resolve the factual dispute [concerning whether his request for counsel was denied] and prove the allegations in his petition." We decline to review this claim. There is nothing in the record establishing that the petitioner requested a full evidentiary hearing before the habeas court. Indeed, the transcript from the May 26, 2023 hearing shows that the petitioner expressly rested on his brief and made no such request. See *State* v. *Nguyen*, 52 Conn. App. 85, 90, 726 A.2d 119 (1999) (because "the defendant failed to request an evidentiary hearing at trial . . . [h]e [could not] demand a full evidentiary hearing for the first time on appeal"), aff'd, 253 Conn. 639, 756 A.2d 833 (2000). Moreover, the petitioner makes only a passing reference in his appellate brief that he should have been provided with an evidentiary hearing, without citation to authority. See *Balbuena* v. *Commissioner of Correction*, 231 Conn. App. 289, 305, 332 A.3d 1008 (declining to review claim that was inadequately briefed), cert. denied, 352 Conn. 905, 335 A.3d 845 (2025). We also note, nonetheless, that the habeas court provided the petitioner with "notice of its intention to dismiss the habeas petition and an opportunity to file a brief or a written response to the proposed basis for dismissal," and that "[o]ur Supreme Court [has] concluded that a habeas court is not obligated to hold a full hearing prior to dismissing, on its own motion, a habeas petition pursuant to [Practice Book] § 23-29, but it may exercise its discretion to hold a full hearing when it deems it appropriate." (Internal quotation marks omitted.) *Hodge* v. *Commissioner of Correction*, 216 Conn. App. 616, 620, 285 A.3d 1194 (2022); see also *Boria* v. *Commissioner of Correction*, 345 Conn. 39, 42–43, 282 A.3d 433 (2022); *Brown* v. *Commissioner of Correction*, 345 Conn. 1, 17, 282 A.3d 959 (2022).

underlying record"[10] and that "the facts alleged establish inadequate notice of the prior habeas court's denial of [the] appointment of counsel that resulted in a due process violation preventing the petitioner from filing an appeal . . . ." The petitioner contends that the factual allegations of his operative habeas petition,[11] if proven true, demonstrate "that he received inadequate notice of the first habeas court's decision to deny his request for [the] appointment of appellate counsel," and "clearly state a claim on which the habeas court could offer relief, because the habeas court is in the best position to restore the appellate rights lost due to the inadequate notice and violation of procedural due process." He also asserts that, because he was a self-represented litigant in the second habeas trial,[12] he should be afforded leeway.

The respondent counters first by arguing that the petitioner waived any claim on appeal concerning count five of the operative habeas petition by expressly conceding in his memorandum opposing dismissal that the claim raised in count five was "more appropriate for appellate review and that the habeas court ha[d] no authority to review a prior habeas judge's ruling and/or order." The respondent further contends that the habeas court correctly determined that it had no authority to review or overturn a ruling by another habeas court. Finally, the respondent asserts that, because the claim in count five concerns the court's alleged denial of an application seeking the appointment of counsel on appeal, the habeas court properly determined that the petitioner's sole remedy was to file a motion for review of the first habeas court's order concerning the

[10] Specifically, the petitioner asserts that the habeas court's findings that the first habeas court granted the petitioner's request for the appointment of counsel on appeal and that the decision to appoint counsel is a matter of discretion are clearly erroneous.

[11] See footnote 5 of this opinion.

[12] We note that the petitioner is represented by counsel in this appeal.

appointment of counsel, and, by not availing himself of that option at the time of the alleged wrong, the petitioner "lost his opportunity to challenge the first habeas court's alleged denial of counsel . . . ." See Practice Book § 66-6. In his appellate reply brief, the petitioner disputes the respondent's assertion that he waived his claim in count five, arguing that a waiver of the "right to counsel is of the magnitude that requires the record [to] be sufficient to establish that [his] waiver was voluntary and knowing," and that the habeas court did not canvass the self-represented petitioner as to whether his waiver was knowing and voluntary. Thus, according to the petitioner, the record is not sufficient to establish that any alleged waiver was knowing and voluntary.

We first set forth relevant legal principles and our standard of review. Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted . . . ." "To obtain relief through a habeas petition, the petitioner must plead facts that, if proven, establish that the petitioner is entitled to relief." *Kaddah* v. *Commissioner of Correction*, 299 Conn. 129, 136–37, 7 A.3d 911 (2010). "When a petition fails to state a valid habeas claim, it is proper for the habeas court to dismiss the petition. See, e.g., *Macri* v. *Hayes*, [189 Conn. 566, 568, 456 A.2d 1186 (1983)] (upholding dismissal of petition that failed to set forth specific grounds for issuance of writ); see also . . . *Lewis* v. *Commissioner of Correction*, 116 Conn. App. 400, 409–12, 975 A.2d 740 (upholding dismissal of claim in petition that did not state valid claim for habeas relief), cert. denied, 294 Conn. 908, 982 A.2d 1082 (2009); *Grant* v. *Commissioner of Correction*, 121 Conn. App. 295, 299–302, 995 A.2d 641 (2010) (same), cert. denied, 297 Conn. 920,

996 A.2d 1192 (2010)." (Citations omitted.) *Kaddah* v. *Commissioner of Correction*, supra, 140.

"[T]he principal purpose of the writ of habeas corpus is to serve as a bulwark against convictions that violate fundamental fairness." (Internal quotation marks omitted.) *Kaddah* v. *Commissioner of Correction*, 324 Conn. 548, 561, 153 A.3d 1233 (2017). "It is well settled that a petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action . . . . The purpose of the [petition] is to put the [respondent] on notice of the claims made, to limit the issues to be decided, and to prevent surprise. . . . Thus, as it would do in evaluating the allegations in a civil complaint, in evaluating the legal sufficiency of allegations in a habeas petition, a court must view the allegations in the light most favorable to the petitioner, which includes all facts necessarily implied from the allegations." (Citation omitted; internal quotation marks omitted.) *Finney* v. *Commissioner of Correction*, 207 Conn. App. 133, 142, 261 A.3d 778, cert. denied, 339 Conn. 915, 262 A.3d 134 (2021). "Although [i]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party . . . [t]he principle that a plaintiff may rely only upon what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . . While the habeas court has considerable discretion to frame a remedy that is commensurate with the scope of the established constitutional violations . . . it does not have the discretion to look beyond the pleadings . . . to decide claims not raised." (Internal quotation marks omitted.) *Khan* v. *Commissioner of Correction*, 234 Conn. App. 851, 858–59, 344 A.3d 1234 (2025).

"[W]hether a habeas court properly dismissed a petition pursuant to Practice Book § 23-29 (2), on the ground that it fails to state a claim upon which habeas corpus relief can be granted, presents a question of law over which our review is plenary." (Internal quotation marks omitted.) *Vazquez* v. *Commissioner of Correction*, supra, 232 Conn. App. 261. Therefore, we "must decide whether the court's conclusions are legally and logically correct and supported by the facts in the record." (Internal quotation marks omitted.) *Khan* v. *Commissioner of Correction*, supra, 234 Conn. App. 859; see also *Petaway* v. *Commissioner of Correction*, 160 Conn. App. 727, 731, 125 A.3d 1053 (2015), cert. dismissed, 324 Conn. 912, 153 A.3d 1288 (2017).

Next, we briefly address the right to counsel in habeas corpus proceedings to provide context for the petitioner's claim in count five. "[A]lthough there is no constitutional right to counsel in habeas proceedings, General Statutes § 51-296 [a] . . . creates a statutory right to counsel . . . for an indigent [petitioner] . . . in any habeas corpus proceeding arising from a criminal matter . . . ." (Emphasis omitted; internal quotation marks omitted.) *Coleman* v. *Commissioner of Correction*, 137 Conn. App. 51, 59, 46 A.3d 1050 (2012). "This statutory right includes the right to effective and competent habeas counsel. *Lozada* v. *Warden*, 223 Conn. 834, 838–39, 613 A.2d 818 (1992). Connecticut takes that statutory right so seriously that habeas petitioners in this state are afforded the opportunity to challenge their convictions through successive petitions based on inadequate performance by habeas counsel. See, e.g., *Kaddah* v. *Commissioner of Correction*, [supra, 324 Conn. 559] (a third habeas petition is available as a matter of fundamental fairness to vindicate the statutory right under § 51-296 (a) to competent counsel in litigating a second habeas petition)." (Internal quotation marks omitted.) *Cooke* v. *Williams*, 349 Conn. 451, 475–76,

316 A.3d 278 (2024). The statutory right to counsel for indigent petitioners in habeas proceedings extends to habeas appeals. See *Sinchak* v. *Commissioner of Correction*, 126 Conn. App. 684, 688, 14 A.3d 343 (2011).

With these principles in mind, we turn to the petitioner's claim in count five of the operative habeas petition. Count five alleges that "*the habeas trial court in the first habeas* [*action*] *erred* when it denied the petitioner's request for [the] appointment of counsel on appeal. The denial of the petitioner's request for [the] appointment of counsel on appeal without a prior determination that the petitioner's appeal would be wholly frivolous violated his rights under the laws of the state of Connecticut." (Emphasis added.) The relief requested by the petitioner includes, inter alia, granting him "the right to file a late habeas appeal with the appointment of counsel" as well as "the right to file a new direct appeal with the appointment of counsel . . . ."

The respondent contends, inter alia, that the petitioner waived the claim in count five by acknowledging in his memorandum opposing dismissal that the claim in count five was "more appropriate for appellate review and that the habeas court ha[d] no authority to review a prior habeas judge's ruling and/or order." We conclude that we need not decide whether the petitioner waived this claim because, even if we assume that he did not, we nevertheless agree with the respondent that the habeas court properly dismissed count five for failure to state a claim on which habeas relief could be granted.

Count five challenges the determination of the first habeas court denying the petitioner's request to appoint counsel on appeal. In that regard, the petitioner is asking the second habeas court to review and address the validity and legal soundness of the decision not to appoint counsel made by the first habeas court, which

is beyond the power and authority of the second habeas court. "[A] party may not bring an action in the Superior Court effectively asking that court to review a ruling of another trial court in another case." *U.S. Bank National Assn.* v. *Crawford*, 333 Conn. 731, 741 n.7, 219 A.3d 744 (2019). "Because of the limitations to which it is subjected, habeas corpus cannot be utilized as a substitute for an appeal of the original action, or for a writ of error, or for a petition for a new trial. . . . It may not be employed to review irregularities or errors of procedure or questions as to the sufficiency of evidence." *Wojculewicz* v. *Cummings*, 143 Conn. 624, 628, 124 A.2d 886 (1956); see *Perell* v. *Warden*, 113 Conn. 339, 342, 155 A. 221 (1931) ("[t]he limitations upon the power of the court or a judge, on habeas corpus to review irregularities or errors of procedure or questions as to the sufficiency of evidence in the original case where a judgment is valid upon its face, are well settled in this [s]tate"); see also *United States ex rel. Paleais* v. *Moore*, 294 F. 852, 855 (2d Cir. 1923) ("[I]n a habeas corpus proceeding the [habeas court] examines only the power and authority of the lower court to act and not the correctness of its conclusions. The order restraining one of his liberty cannot be collaterally attacked in habeas corpus proceedings for errors and irregularities not affecting the jurisdiction."), cert. denied, 264 U.S. 581, 44 S. Ct. 331, 68 L. Ed. 860 (1924).

Although our case law allows a petitioner to bring what is called a " 'habeas on a habeas,' the term commonly used to refer to a petition for a writ of habeas corpus that raises a claim of ineffective assistance of prior habeas counsel"; *Roger B.* v. *Commissioner of Correction*, 234 Conn. App. 630, 645, 344 A.3d 578 (2025); we have explained that "[t]he second habeas petition is inextricably interwoven with the merits of the original judgment by challenging the very fabric *of the conviction* that led to the confinement." (Emphasis

added; internal quotation marks omitted.) *Daniel W. E.* v. *Commissioner of Correction*, 235 Conn. App. 124, 139, 344 A.3d 601 (2025). In other words, even in the context of a habeas on a habeas, the purpose of the second habeas action is, ultimately, to challenge the foundation for the petitioner's conviction, not the basis of the first habeas court's decision. A writ of habeas corpus, which "has been described as a unique and extraordinary legal remedy"; (internal quotation marks omitted) *Coleman* v. *Commissioner of Correction*, supra, 137 Conn. App. 59; is designed to protect *against convictions* that violate fundamental fairness. See *Khan* v. *Commissioner of Correction*, supra, 234 Conn. App. 858. We are aware of no case law permitting a subsequent habeas petition to be used as a means to challenge the substantive decision of a prior habeas court, and the petitioner has not directed us to any such authority.

Furthermore, Practice Book § 63-7 provides in relevant part that "[t]he sole remedy of any defendant desiring the court to review an order concerning . . . the appointment of counsel shall be by motion for review under [Practice Book §] 66-6." This court has concluded that § 63-7 likewise requires a habeas petitioner seeking to challenge the denial of a request to appoint appellate counsel to do so by way of a motion for review pursuant to § 66-6. See *Fernandez* v. *Commissioner of Correction*, 125 Conn. App. 220, 222 n.3, 7 A.3d 432 (2010), cert. denied, 300 Conn. 924, 15 A.3d 630 (2011). The petitioner did not avail himself of that sole remedy by filing a motion for review of the first habeas court's denial of his application for the appointment of appellate counsel. Instead, he seeks review of the ruling for the first time in this habeas corpus proceeding, which is not the proper procedural vehicle by which to seek review of an order concerning the appointment of appellate counsel. This court consistently has dismissed

direct appeals from orders concerning the appointment of appellate counsel on the ground that the sole remedy set forth in § 63-7 for review of such an order is to file a motion for review. See *State* v. *Small*, 207 Conn. App. 349, 351 n.1, 262 A.3d 188 (2021) (dismissing portion of appeal concerning trial court's denial of application for appointment of appellate counsel when defendant did not file motion for review and sought review for first time on appeal); *State* v. *Jimenez*, supra, 127 Conn. App. 710 (2011) (same); see also *Fernandez* v. *Commissioner of Correction*, supra, 125 Conn. App. 222–23 (determining, in appeal from decision of habeas court denying request for appointment of appellate counsel, that petitioner could not properly raise claim by way of direct appeal or amended appeal); *State* v. *Casiano*, 122 Conn. App. 61, 71, 998 A.2d 792 ("[b]ecause Practice Book § 63-7 provides that the defendant's sole remedy for review of the court's order concerning the appointment of counsel is by motion for review, the defendant cannot properly raise [claim concerning denial of application for appointment of appellate counsel] by way of a direct appeal or amended appeal"), cert. denied, 298 Conn. 931, 5 A.3d 491 (2010).[13] Thus, our case law is clear that a petitioner cannot properly raise a claim challenging an order concerning the appointment of appellate counsel in a direct or amended appeal.[14]

[13] In fact, in *Casiano*, "[t]he defendant has already sought and received appellate review of his claim [that the trial court erred in declining to appoint appellate counsel] through the proper procedures." *State* v. *Casiano*, supra, 122 Conn. App. 70. Therefore, this court concluded on appeal that his "further pursuit of review and remedy through appeal [was] inappropriate." Id., 71.

[14] The petitioner acknowledges that "Practice Book 63-7 provides [that] the sole remedy for denial of appointed counsel is a motion for review," but argues, nevertheless, that this court has reviewed the denial of counsel in habeas litigation on appeal. This claim is unavailing. The case law on which the petitioner relies in support of this claim is inapposite to the present case, as it involves the right of an indigent petitioner to counsel in a trial court proceeding, not on appeal, and this court previously clarified in *State* v. *Scott*, 139 Conn. App. 333, 340 n.6, 55 A.3d 608 (2012), that § 63-7 pertains to the appointment of *appellate* counsel, not counsel in a trial court proceeding.

We are cognizant of the petitioner's claims that he was prevented from filing a timely motion for review of the order denying the appointment of appellate counsel due to inadequate notice[15] of the decision and that the denial of his application for the appointment of appel-

The petitioner also contends that the habeas court should have analyzed his failure to adhere to the requirements of Practice Book § 63-7 under the cause and prejudice standard or given the petitioner the opportunity to demonstrate cause and prejudice. Even if we assume that the cause and prejudice standard is applicable under the circumstances of this case, we decline to review this claim. Pursuant to the "procedural default doctrine . . . a petitioner is barred from raising a claim for the first time in a habeas proceeding unless there is cause and prejudice to excuse the procedural default . . . ." *Rose* v. *Commissioner of Correction*, 348 Conn. 333, 347 n.8, 304 A.3d 431 (2023). "Under this standard, the petitioner must demonstrate good cause for his failure to raise a claim at trial or on direct appeal and actual prejudice resulting from the impropriety claimed in the habeas petition." (Internal quotation marks omitted.) *Inglis* v. *Commissioner of Correction*, 213 Conn. App. 496, 535, 278 A.3d 518, cert. denied, 345 Conn. 917, 284 A.3d 300 (2022). It is fundamental that " '[t]his court is not bound to consider claimed errors unless it appears on the record that the question was distinctly raised . . . and was ruled upon and decided by the court adversely to the appellant's claim.' " *Kelley* v. *Commissioner of Correction*, 90 Conn. App. 329, 335, 876 A.2d 600, cert. denied, 276 Conn. 909, 886 A.2d 423 (2005). "Moreover, [i]t is axiomatic that a party cannot submit a case to the trial court on one theory and then seek a reversal in the reviewing court on another. A party is not entitled to raise issues on appeal that have not been raised in the trial court." (Internal quotation marks omitted.) *Wright* v. *Commissioner of Correction*, 235 Conn. App. 816, 856–57,      A.3d (2025). In the present case, the petitioner did not raise his cause and prejudice claim concerning count five in his memorandum opposing dismissal before the habeas court; rather, as to count five, he conceded in his memorandum to the habeas court that count five was "more appropriate for appellate review and that the habeas court ha[d] no authority to review a prior habeas judge's ruling and/or order." The petitioner made no other argument or statement concerning count five and rested on his brief at the May 26, 2023 hearing. As a result, the habeas court made no findings regarding the substance or applicability of this claim. See *Canady* v. *Commissioner of Correction*, 231 Conn. App. 603, 632, 333 A.3d 797 (declining to review claim regarding cause and prejudice when habeas court "was not provided with an opportunity to make any factual or legal findings with respect to the petitioner's claim [as to] cause to excuse his procedural default"), cert. denied, 352 Conn. 901, 334 A.3d 1006 (2025).

[15] As we already have indicated, there are no findings in the record supporting this assertion. See footnote 5 of this opinion.

late counsel precluded him from pursuing an appeal in the first habeas action, as well as his assertion that we should afford him leniency because he acted in a self-represented capacity before the habeas court. The fact remains, however, that count five fails to state a claim for which habeas relief can be granted because it asks the second habeas court to review the decision of the first habeas court, and it challenges the substantive decision of a prior habeas court denying appellate counsel, which is not the proper procedural vehicle by which to do so. We are bound by the clear language of Practice Book § 63-7 and our precedent construing it.[16] We also do not agree with the petitioner's contention that "the habeas court is in the best position" to address the denial of his request for counsel on appeal, as the petitioner can file with this court a late motion for review of the denial of his request for appellate counsel, provided that the motion includes a separate section demonstrating good cause for the untimely filing; see Practice Book § 66-3;[17] as well as a motion for permission to file a late appeal in the first habeas action. See Practice Book § 60-2 (5). The petitioner cannot, however, seek redress by way of a habeas petition regarding an order concerning the appointment of appellate counsel in lieu of a motion for review.

---

[16] See *State ex rel. Dunn* v. *Burton*, 229 Conn. App. 267, 285 n.11, 327 A.3d 982 (2024) ("We are mindful that [i]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party. . . . Nonetheless, [a]lthough we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.)).

[17] We note that, in September, 2016, Practice Book § 66-3 was amended to eliminate a prior requirement of filing a motion for permission to file a late motion for review in this court. See Practice Book § 66-3, commentary ("These amendments eliminate the requirement of filing a motion for permission to file a late paper in the Supreme or Appellate Court. For example, a party may file a late motion for review, provided that the motion includes a separate section demonstrating good cause for its untimeliness.").

Accordingly, the second habeas court properly determined that count five fails to state a claim for which it could grant habeas relief to the petitioner, especially when the relief sought includes, inter alia, the right to file a late direct appeal or habeas appeal "with the appointment of [appellate] counsel." The petitioner, therefore, has not demonstrated that the habeas court abused its discretion in denying his petition for certification to appeal, as a resolution of his claim does not involve issues that are debatable among jurists of reason, a court could not resolve the claim concerning count five in a different manner, and the question raised is not adequate to deserve encouragement to proceed further.

The appeal is dismissed.

In this opinion the other judges concurred.